**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its**



Russ Kendig
United States Bankruptcy Judge

Dated: 11:37 AM March 6, 2012

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| LINDA LEE DICKERSON, | ) | CASE NO. 10-60680 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

     The chapter 13 trustee, Toby L. Rosen ("Trustee") opposes Debtor's[1] request for a hardship discharge under 11 U.S.C. § 1328(b). The court held a preliminary hearing on January 25, 2012 and issued a briefing schedule. The parties have each submitted pleadings in support of their positions and the matter is now before the court for decision.

     The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) and/or (O).

---

[1] The court will use "Debtor" in reference to the deceased Linda Lee Dickerson.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

At its commencement on February 26, 2010, this case was an above-median joint chapter 13 case filed by Debtor, now deceased, and her husband. The plan, confirmed on September 23, 2010, required payments of $510.00 per month. Debtors paid the first mortgage directly, while a second mortgage was stripped and paid as an unsecured creditor through the plan. Debtors also were paying two vehicles, a small first mortgage delinquency, and priority tax debt via the plan payments. Unsecured creditors would not have received a distribution in a chapter 7 case and were not scheduled to receive a dividend through the chapter 13 plan.

Debtors failed to maintain regular monthly mortgage payments and on August 30, 2011, the mortgage payments, and an arrearage in excess of $12,000, were included in the plan payments through a plan modification. Less than three months later, a suggestion of death was filed indicating Mrs. Dickerson passed away on October 25, 2011. The case was subsequently severed and Mr. Dickerson converted to chapter 7. Counsel for Mrs. Dickerson filed a motion for hardship discharge on December 7, 2011. No monies or assets are available to fund Debtor's chapter 13 plan, making a modification impractical. The unsecured creditors have received just under $500 through the chapter 13 plan, which is more than they would have received in a chapter 7 liquidation case. Debtor's death is not an event for which she can be held accountable for the inability to continued plan funding.

Following briefing of the hardship discharge issue, a motion for appointment of representative of deceased debtor was filed with the court. Debtor's husband was appointed administrator of her probate estate by a state court and wishes to pursue the hardship discharge on behalf of the estate. The appointment was granted by the court on February 28, 2012.

## LAW AND ANALYSIS

The parties do not disagree about the legal standard. Hardship discharges are governed by 11 U.S.C. § 1328(b), which creates a tripartite framework for determining whether to grant the request. Debtor's satisfaction of the three requirements is not contested. Instead, Trustee challenges the relief on two independent grounds. First, she argues that, under Federal Rule of Bankruptcy Procedure 1016, continued administration of this case is not in the best interest of creditors. Second, she contends that counsel cannot continue to represent the deceased debtor barring appointment of a personal representative in Debtor's stead. In light of the appointment of Mr. Dickerson as personal representative, Trustee's latter argument is moot.

2

Trustee relies on the text of the Federal Rule of Bankruptcy Procedure 1016 as the foundation for her argument that the interests of the creditors must be considered before permitting the hardship discharge. In applicable part, the rule states:

> If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

Trustee also relies on the court's prior decision in In re Sales, Case. No. 03-60861 (Bankr. N.D. Ohio Sept. 15, 2006) (unpublished).

In Sales, the court denied a motion for hardship discharge on behalf of a deceased debtor. Trustee argued that a hardship discharge was not the "further administration" envisioned by the rule. The court disagreed, concluding entry of a hardship discharge on behalf of a deceased debtor was not precluded. *See also* In re Redwine, 2011 WL 1116783 (Bankr. N.D. Ga. 2011) (unreported); In re Perkins, 381 B.R. 530 (Bankr. S.D. Ill. 2007); In re Graham, 63 B.R. 95 (Bankr. E.D. Penn. 1986). However, the court found that the record did not support a finding that a hardship discharge was in the best interest of the parties:

> While there may be nothing to recover from the probate estate, the benefit to the creditors in having this avenue open is far greater than the benefit to the estate in having a discharge for a deceased debtor with few assets, little unsecured debt, and an undersecured mortgage in default.

Sales, Case No. 03-60681 at * 4. In arriving at its decision, the court also discounted the interest of the deceased debtor's estranged wife, who was neither a co-debtor or a party. Only the interests of the creditors were at stake in Sales.

The facts in this case are readily distinguishable. Here, there are more interests to consider, as well as a stronger factual foundation. In addition to creditor interests, Debtor's surviving spouse is a participant in these proceedings and a debtor in his own individual, severed case. He is a joint obligor on all the secured and priority debt, as well as a portion of the unsecured debt. His interest is material and significant.

According to Debtor's brief, supported by an affidavit from Mr. Dickerson, there would be no probate estate to administer. Debtor's minimal assets are valued under the

3

amount necessary to administer a probate estate, so the probate estate would be released from administration. More specifically, the residential real estate is worth less than the amount owed on it, so there is no equity and it was held jointly with survivorship rights, so it will transfer to Mr. Dickerson.[2] Both vehicles are also undersecured.[3] Mr. Dickerson avers that Debtor did not obtain any post-petition assets. (Brief in Support of M. For Hardship Discharge, Ex. 2). Consequently, there are no assets for creditors to reach. Debtor also argues that a hardship discharge would be in the best interest of Debtor's spouse, who will avoid the hassle of collection efforts by unsatisfied creditors.

Trustee has not pointed to a single asset that may be available to creditors in a probate case, nor made a strong argument for an interest that would be advanced by not entering a hardship discharge. Intensive review of this case, and Mr. Dickerson's individual case following severance, convinces the court that Trustee's position is not well-taken and that a hardship discharge is in the best interest of the parties.

Further, at present, Mr. Dickerson's case is an asset case and he has agreed to turn over approximately $65,000.00 in life insurance proceeds to the chapter 7 trustee. These funds will be available to pay the joint tax debt, in full, and result in a dividend to unsecured creditors. This recovery, combined with the likelihood of no available probate recovery, demonstrates that the best interest of the joint creditors is not diminished by a hardship discharge.

The creditors most negatively affected by a hardship discharge are Debtor's individual unsecured creditors and the post-petition creditors. The court is convinced that the prepetition creditors have no recovery outside of bankruptcy. The postpetition debts will not be affected by a hardship discharge. These creditors are no better or worse with entry of the hardship discharge.

Trustee failed to demonstrate that entry of the hardship discharge is not in the best interest of the parties. The court finds that Debtor is eligible for a hardship discharge.

An order will be entered immediately reflecting the decision of the Court.

#   #   #

---

[2] Mr. Dickerson intends to surrender the real estate. (Statement of Intent, doc. 100, filed November 23, 2011)

[3] Mr. Dickerson also indicates he will surrender one of the vehicles. (Stmt. of Intent, doc. 100, filed November 23, 2011)

4

## SERVICE LIST

Rebecca K Hockenberry
Luftman, Heck & Associates, LLP
580 E. Rich Street
Columbus, OH 43215

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Darwin Glenn Dickerson
329 S Lexington Springmill Rd
Mansfield, OH 44906